EMILY DESMORE (by ALFONSO DESMORE)

vs.

THE WHITE LINE BUS CORPORATION, ET AL.

Court of Common Pleas     Fairfield County     File #37602

Present:  Hon. E. EARLE GARLICK, Judge.

Friedman & Friedman,          Attorneys for the Plaintiff.

Williamson, Willis,
   Lister & Foster;
William Buckley,              Attorneys for the Defendant.

## MEMORANDUM FILED SEPTEMBER 13, 1937.

GARLICK, J.   The plaintiff is a minor of the age of nineteen years; pursuant to **Chapter 297, Section 602, A.N., Public Acts of 1931,** consent was granted the plaintiff by Alfonso Desmore, the plaintiff's parent, guardian and next friend, to recover expenditures and indebtedness connected with any right of recovery.

This action was originally brought against the White Line Bus Corporation, William Buckley, George Millano and Vincent A. DiIulio.

On the day of the trial of this action, but previous thereto, two of the defendants, to wit, George Millano and Vincent A. DiIulio, settled with the plaintiff for $37.50, with a covenant from the plaintiff not to sue these two defendants and a written withdrawal was entered, thus leaving the White Line Bus Corporation and William Buckley as the remaining defendants.

The White Line Bus Corporation, as is well known, is a public utilities corporation engaged in the operation of buses in Bridgeport for the purpose of carrying passengers for hire.

On September 19, 1936, the plaintiff was a passenger on a bus owned and operated by the defendant corporation which was proceeding southerly on Madison Avenue and which said bus stopped at Cleveland Avenue to take on passengers. The said William Buckley was the operator of the bus.

A car owned by George Millano and operated by Vincent A. DiIulio was proceeding in the same direction in the rear of the bus and collided with the rear of the bus at this inter-section.

The plaintiff was seated on the extreme rear cross seat and in the left hand corner next to the emergency door upon which is a cross handle bar.

According to the plaintiff's pleadings she was injured either by the sudden stopping of the bus or by the impact of col-lision of the car in the rear or by both occurrences at the said intersection.

In spite of the plaintiff's complaint and numerous amend-ments thereto, there actually remain the sole questions as to whether or not the plaintiff was injured by the sudden stop-ping of the bus and whether or not such stopping constituted negligence on the part of the bus driver and the extent of her injuries, and the amount of recovery, if any.

In the opinion of the Court, the preponderance of the evi-dence demonstrates there was a sudden stopping of the bus such as to constitute negligence on the part of the operator and thereby causing physical injury to the plaintiff.

The plaintiff claims, for one thing, that her right jaw was dislocated by coming into forcible contact with a friend who was seated on her immediate right, from which, however, she suffered no pain or ill effects for a period of two weeks. This claimed injury, nevertheless, can be much better attributed to a wisdom tooth and its extraction two weeks after the accident; yet her back was injured.

The following items are allowed for recovery:

(a) The doctor's bill for $53.00.

(b) For loss of wages, 10 weeks at $15.00 per week or

$150.00.

(c)   For pain and suffering the sum of $50.00.

(d)   A total of $253.00.

The issues on the complaint are found in favor of the plain-tiff.  Judgment is entered for plaintiff to recover from the defendants the sum of $253.00 with interest on $150.00 from January 1, 1937 to date, and with interest on the sum of $53.00 from March 11, 1937 to date, making a total of $260.91 damages, with costs.